IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-02012-BNB

CHRIS TILLOTSON,

    Plaintiff,

v.

MIKE HAWKINS,

    Defendant.

ORDER OF DISMISSAL

    Plaintiff, Chris Tillotson, is a patient at the Colorado Mental Health Institute at Pueblo, Colorado.  Mr. Tillotson has filed *pro se* a Prisoner Complaint (ECF No. 1) pursuant to 42 U.S.C. § 1983 alleging that his rights under the United States Constitution were violated in June 2003.  He seeks damages as relief.

    Pursuant to 28 U.S.C. § 1915A, the Court is required to review the Prisoner Complaint because Mr. Tillotson is a prisoner and he is seeking redress from an officer or employee of a governmental entity.  Pursuant to § 1915A(b)(1), the Court is required to dismiss the Prisoner Complaint, or any portion of the Prisoner Complaint, that is frivolous.  A legally frivolous claim is one in which the plaintiff asserts the violation of a legal interest that clearly does not exist or asserts facts that do not support an arguable claim.  See *Neitzke v. Williams*, 490 U.S. 319, 324 (1989).  For the reasons stated below, the Court will dismiss the Prisoner Complaint as legally frivolous.

    The Court must construe the Prisoner Complaint liberally because Mr. Tillotson is not represented by an attorney.  See *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972);

*Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). If the Prisoner Complaint reasonably can be read "to state a valid claim on which the plaintiff could prevail, [the Court] should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements." *Hall*, 935 F.2d at 1110. However, the Court should not be an advocate for a *pro se* litigant. *See id.*

Mr. Tillotson asserts one claim for relief in the Prisoner Complaint alleging that Defendant, a police officer, subjected him to excessive force on June 12, 2003. Mr. Tillotson specifically alleges that he was hit in the back of the head with a nightstick and shot from behind three times for no reason.

Mr. Tillotson's allegations in the Prisoner Complaint do not support an arguable claim against Defendant because the excessive force claim clearly is barred by the two-year statute of limitations that applies to § 1983 actions in Colorado. *See Blake v. Dickason*, 997 F.2d 749, 750-51 (10th Cir. 1993). Although the statute of limitations is an affirmative defense, *see* Fed. R. Civ. P. 8(c)(1), the Court may dismiss a complaint *sua sponte* on the basis of an affirmative defense if the defense is "obvious from the face of the complaint" and "[n]o further factual record [is] required to be developed in order for the court to assess the [plaintiff's] chances of success." *Yellen v. Cooper*, 828 F.2d 1471, 1476 (10th Cir. 1987); *see also Fratus v. DeLand*, 49 F.3d 673, 676 (10th Cir. 1995) (stating that dismissal under § 1915 on the basis of an affirmative defense is permitted "when the claim's factual backdrop clearly beckons the defense").

It is obvious on the face of the Prisoner Complaint that Mr. Tillotson's excessive force claim against Defendant accrued on June 13, 2003, when Mr. Tillotson contends

he was subjected to excessive force. "Since the injury in a § 1983 case is the violation of a constitutional right, such claims accrue when the plaintiff knows or should know that his or her constitutional rights have been violated." *Smith v. City of Enid*, 149 F.3d 1151, 1154 (10th Cir. 1998) (citation and quotation marks omitted). Thus, "[c]laims arising out of police actions toward a criminal suspect, such as arrest, interrogation, or search and seizure, are presumed to have accrued when the actions actually occur." *Johnson v. Johnson County Comm'n Bd.*, 925 F.2d 1299, 1301 (10th Cir. 1991).

Even if the excessive force claim Mr. Tillotson asserts against Defendant did not accrue on June 12, 2003, for some reason, Mr. Tillotson's prior filings in the District of Colorado demonstrate that he has been aware of his excessive force claim against Defendant for a number of years. Because the Court may take judicial notice of its own records and files that are part of the Court's public records, *see St. Louis Baptist Temple, Inc. v. Fed. Deposit Ins. Corp.*, 605 F.2d 1169, 1172 (10th Cir. 1979), the Court takes judicial notice that Mr. Tillotson filed a complaint in March 2004 complaining, in part, about Defendant's alleged use of excessive force on June 13, 2003. *See Tillotson v. Englewood Police Dept.*, No. 04-cv-00552-ZLW (D. Colo. Aug. 25, 2004). Mr. Tillotson initiated another action in 2009 in which he alleged that he was shot by Defendant on June 12, 2003. *See Tillotson v. Hawkens*, No. 09-cv-00104-ZLW (D. Colo. Mar. 4, 2009). Although case number 04-cv-00552-ZLW and case number 09-cv-00104-ZLW both were dismissed without prejudice, those cases clearly demonstrate that Mr. Tillotson's excessive force claim against Defendant accrued long ago.

Because it is clear that the instant action was not filed within two years after Mr. Tillotson's claim against Defendant accrued, the action is barred by the statute of

limitations. The Court will dismiss the action as legally frivolous because Mr. Tillotson asserts facts that do not support an arguable claim.

Furthermore, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status will be denied for the purpose of appeal. *See Coppedge v. United States*, 369 U.S. 438 (1962). If Plaintiff files a notice of appeal he also must pay the full $455 appellate filing fee or file a motion to proceed *in forma pauperis* in the United States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24. Accordingly, it is

ORDERED that the Prisoner Complaint and the action are dismissed as legally frivolous pursuant to 28 U.S.C. § 1915A(b)(1). It is

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is denied without prejudice to the filing of a motion seeking leave to proceed *in forma pauperis* on appeal in the United States Court of Appeals for the Tenth Circuit.

DATED at Denver, Colorado, this  10th  day of    August    , 2012.

BY THE COURT:

  s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court